{¶ 46} I concur with the analysis and disposition of this case by the majority.
 {¶ 47} I write separately to indicate that I limit my agreement with the analysis of the first assignment of error to the specific circumstances of this case.
 {¶ 48} Prior to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, Ohio's sentencing statutes required a trial court to make specific findings before it could impose more than the minimum sentence, the maximum sentence or consecutive sentences. But, once a trial court had made the findings justifying more than the minimum sentence, the trial court had broad discretion in selecting a sentence as long as it was below the maximum sentence.
 {¶ 49} In the case sub judice, the trial court, in sentencing the appellant pursuant to the statutes as they existed pre-Foster, sentenced the appellant to more than the minimum on each of the three offenses. Upon re-sentencing the appellant, after the Foster decision invalidated portions of the statutes on constitutional grounds, the trial court again sentenced the appellant to more than the minimum sentence but increased each of the sentences. But, this increase in the sentences can not be explained by the broader sentencing discretion the trial court had post-Foster. Striking portions of the statute in Foster
did not give the trial court anymore latitude in sentencing than it had pre-Foster as to sentences that are more than the minimum but less than the maximum.[1] Therefore, I agree with the majority that any increase in appellant's sentence post-Foster must be explained "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of original sentencing." North Carolinav. Pearce (1969), 395 U.S. 711, 726, 89 S.Ct. 2072, 2081.
 {¶ 50} I reserve judgment at this point in time as to whether I would reach the same conclusion in a case in which an increase in sentence can be explained by the increase in discretion a trial court has in sentencing as a result of the portions of the sentencing statutes that were stricken in Foster.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Sentence is modified and the case remanded to the trial court for execution of the sentence in accordance with our opinion. Costs to appellee.
[1] I realize that the trial court did impose the maximum sentence for the Receiving Stolen Property charge at the post-Foster sentencing hearing. Since that sentence is irrelevant to appellant's total final sentence I do not address it here.